Amir J. Goldstein, Esq. (CA Bar No. 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff



FILED
CLERK, U.S. DISTRICT COURT

JAN 1 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

GLADYS GARCIA,

           Plaintiff,

    v.

TCM FINANCIAL SERVICES, LLC and
DOES 1 through 10 inclusive,

           Defendants.

CASE NO.: CV13- 00244 AJW

COMPLAINT FOR DAMAGES

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, TCM FINANCIAL SERVICES, LLC, alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2.  Plaintiff is natural person residing in Los Angeles County, California.

3.  Upon information and belief, the Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Pico Rivera, California.

## JURISDICTION

4.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5.  Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6.  That a personal debt was allegedly incurred by Plaintiff to one "Gold's Gym."

7.  That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.

8.  That on or about August 17, 2011, Defendant accepted a payment from Plaintiff in the amount of approximately $144.00 in full settlement of the aforementioned debt.

9.  That upon receipt of Plaintiff's payment, Defendant provided Plaintiff with confirmation # 38920-1132.

10. That Defendant's agent informed Plaintiff that her Gold's Gym account was settled.

11. That notwithstanding Defendant's receipt of Plaintiff's payment in 2011, Defendant mailed Plaintiff a dunning notice dated August 23, 2012 (hereinafter referred to as the "August 23rd Dunning Notice") in an attempt to collect the aforementioned debt.

12. That the August 23rd Dunning Notice demanded a payment in the amount of $491.66. (A copy is attached hereto and made part hereof.)

13. That the August 23rd Dunning Notice contained the following statement:

   **"Your failure to pay the account and/or dispute the charges requesting the validity of the debt within 30 days, may not be construed by any court as an admission of liability by Consumer Protection, Act #809, Validation of Debts 15USC 1692G"** (sic)

14. That the August 23rd Dunning Notice contained the following statement:

   **"However, to prevent further collection activity and to salvage any future damage to your credit rating, prevent you from possibly paying higher interest rates when applying for credit cards, automobile loans, home mortgage loans, and other forms of personal credit. You must pay the amount owed as indicated above or settle the balance or make payment arrangements immediately."** (sic)

15. That said statements confuse the least sophisticated consumer.

16. That on or about September 17, 2012, Plaintiff spoke with Defendant regarding the August 23, 2012 Dunning Notice and informed Defendant that the account had already been settled.

17. That Plaintiff's call was then transferred to Defendant's agent, one "Ron," who immediately told Plaintiff to cut the attitude.

18. That Plaintiff expressed confusion as to why Defendant was attempting to collect a debt that had been previously paid and why the debt amount had increased to approximately $500.00.

19. That Defendant's agent simply responded that the charges were due to "ATC" without providing Plaintiff any further explanation, which confused Plaintiff even more.

20. That contrary to what was stated in the August 23rd Dunning Notice, Defendant's agent informed Plaintiff that the balance owed was $200.00.

21. That when Plaintiff asked Defendant's agent for clarification, Defendant's agent deceptively replied that he would reduce the balance by $25.00 and that the account would be removed from her credit report at no extra cost.

22. That Plaintiff, confused by Defendant's various misrepresentations and conflicting statements, sent Defendant a letter dated September 27, 2012 via certified mail wherein Plaintiff disputed the debt and requested validation of said debt.

23. That Defendant failed to provide Plaintiff with validation as requested.

24. That notwithstanding Plaintiff's written dispute and request for validation, Defendant e-mailed Plaintiff on or about October 9, 2012 which reiterated the information in the August 23rd Dunning Notice and demanded an immediate payment of $497.58. A copy is attached hereto and made part hereof.

25. That despite receipt of Plaintiff's written dispute, Defendant continued its collection efforts against Plaintiff without providing her with any validation of the alleged debt or acknowledgment of the dispute as required by law.

26. That the Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights and are intended to circumvent the law, while compelling payment by means of duress and coercion.

27. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of making representations which are false, harassing, confusing, misleading, deceptive and/or unfair.

28. That as a result of Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety, frustration and aggravation.

29. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), and (g) in that the representations made by the

Defendant are abusive, false, confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of her legal rights as required by law.

    i.  The Defendant violated 15 U.S.C. § 1692d by harassing the Plaintiff;

    ii.  Defendant has violated 1692e(2) by falsely representing the character, amount, or legal status of the alleged debt;

    iii.  Defendant has violated 1692e(10) by using false representations and/or deceptive means in an attempt to collect the alleged debt; and

    iv.  That Defendant violated 15 U.S.C. § 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt.

30. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

31. Plaintiff realleges paragraphs 1 through 30 as if fully restated herein.

32. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

33. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation: a) By contradicting and overshadowing the consumer's rights; b) By making false and deceptive representations; and c) By making the false representation that the consumer debt may be increased by charges where such fees or charges may not legally be added to the existing obligation.

34. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages,

any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

35. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

36. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE,** Plaintiff respectfully pray that judgment be entered against Defendant in the amount of:

(a)    Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b)    Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq*.

(d)    For such other and further relief as may be just and proper.

(e)    Plaintiff requests trial by jury on all issues so triable.

Dated: January 2, 2013                                    AMIR J. GOLDSTEIN, ESQ.

Amir J. Goldstein
Attorney for Plaintiff

Name & Address:
Amir J. Goldstein, Esq.
5455 Wilshire Blvd., Suite 1812
Los Angeles, CA 90036

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| GLADYS GARCIA, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV13-00244** AJW |
| v. | |
| TCM FINANCIAL SERVICES, LLC and DOES 1 through 10 inclusive, | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Amir J. Goldstein_____, whose address is _5455 Wilshire Blvd., Suite 1812  Los Angeles, CA 90036_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

JAN 1 4 2013

Dated: _____

By: _____
JULIE PRADO
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □)<br>GLADYS GARCIA, | DEFENDANTS<br>TCM FINANCIAL SERVICES, LLC and DOES 1 through 10 inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Amir J. Goldstein, Esq.<br>5455 Wilshire Blvd., Suite 1812, Los Angeles, CA 90036<br>Tel. 323.937.0400 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- □ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☑ No        □ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq; Violations of the Fair Debt Collections Practices Act ("FDCPA")

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | | □ 510 Motions to Vacate Sentence | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 370 Other Fraud | Habeas Corpus | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 371 Truth in Lending | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | | □ 380 Other Personal Property Damage | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 810 Selective Service | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | □ 640 R.R. & Truck | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | | | □ 660 Occupational Safety /Health | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | □ 463 Habeas Corpus-Alien Detainee | □ 440 Other Civil Rights | □ 690 Other | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | □ 465 Other Immigration Actions | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 245 Tort Product Liability | | | | |
| | □ 290 All Other Real Property | | | | |

**CV13-00244**

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  1/9/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |